IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MARSHALL PATENT HOLDINGS, L.L.C.,** | § § | |
| PLAINTIFF | § § | |
| VS. | § § § | CIVIL ACTION NO. |
| **AT&T CORP.** | § § § | PATENT CASE |
| DEFENDANT. | § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marshall Patent Holdings, L.L.C. ("Marshall") complains of Defendant AT&T Corp. ("AT&T"), and as claim for relief shows as follows:

### Nature of the Action

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

### Parties

2. Plaintiff Marshall is a privately held, Texas limited liability company having an address of 304 Harmony Lane, Hideaway, TX 75771.

3. Defendant AT&T Corp. ("AT&T") is a publicly held corporation organized and existing under the laws of the State of New York with a principal place of business at One AT&T Way, Bedminster, NJ 07921, and a registered agent for service of process of CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

### The Marshall Patent

4.     Through assignment, Marshall owns all right, title and interest in, including the right to sue for past, current and future infringement of and damages for, U.S. Patent No. 5,790,636, issued August 4, 1998 (the "'636 Patent"), a copy of which is attached hereto as Exhibit A, under 35 U.S.C. §271.  The '636 Patent concerns technology relating to the use of prepaid telephone cards, and describe and claim methods and systems for using telephony switching systems to monitor the use of such cards.

### The Infringement

5.     AT&T provides calling cards to consumers, and also uses switching stations with switch processors and corresponding voice platforms which process call data (including ANI and PIN information), enabling the use of AT&T prepaid telephone calling cards and related services that provide call monitoring, authentication and billing features to consumers in the United States, including consumers in this judicial district. Further, AT&T has a "Fraud Office" that monitors such calling card calls, including a dual-usage PIN test, and can also deactivate them for "geographic impossibility," i.e., two calls placed from disparate locations as to which a bona fide caller would be unlikely or impossible to be physically present.    Accordingly, AT&T commits direct and/or contributory infringement, and/or induces infringement, of the '636 Patent pursuant to 35 U.S.C. §§ 271(a)-(c).

### Venue

6.     Venue is, therefore, proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

### Relief Requested

7. Infringement by AT&T has injured Marshall and Marshall is entitled to recover damages adequate to compensate it for infringement of the '636 Patent, pursuant to 35 U.S.C. §§ 284, 285.  If the infringement is found to be intentional and willful, then Marshall will seek enhanced or treble damages pursuant to 35 U.S.C. § 284.

8. Infringement by AT&T will continue to injure Marshall until this Court finds that infringement has occurred, and awards damages in the form of patent royalties for the past manufacture, sale, use and/or offer for sale of the infringing equipment and services recited in paragraph 5, above, pursuant to 35 U.S.C. §§ 283.

### PRAYER FOR RELIEF

WHEREFORE, Marshall asks this Court to enter judgment against AT&T and its subsidiaries, agents, servants, employees, attorneys and all persons in active concert or participation with it, granting Marshall the following relief:

A. a judgment that AT&T has directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the '636 Patent;

B. an award to Marshall of actual damages pursuant to 35 U.S.C. § 284 that are adequate to compensate it for AT&T's past infringement, such damages to be no less than a reasonable royalty;

C. an award of enhanced damages pursuant to 35 U.S.C. § 284 to the extent that AT&T's infringement, or any thereof, is ultimately found to be willful;

D. an award to Marshall of its reasonable attorney fees pursuant to 35 U.S.C. § 285 upon a determination that this is an exceptional case justifying such fees;

E.  that the Court award prejudgment and post-judgment interest on all damages;

F.  that Marshall recover all its costs of action; and

G.  for such other and further relief as this Court deems suitable, proper, just and equitable.

Dated: July 31, 2013

Respectfully submitted,

_/s/ Andy Tindel_
ANDY TINDEL
Texas Bar No. 20054500

MT² Law Group
Mann | Tindel | Thompson
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone:  (903) 596-0900
Facsimile:  (903) 596-0909
Email:  atindel@andytindel.com

J. MARK MANN
Texas Bar. No. 12926150

MT² Law Group
Mann | Tindel | Thompson
300 West Main Street
Henderson, Texas 75652
Telephone:     (903) 657-8540
Facsimile:     (903) 657-6003
Email:  mark@themannfirm.com

4

MICHAEL P. MAZZA (Lead Counsel)
Illinois Bar No. 6201609
(To be admitted pro hac vice)
DANA L. DREXLER
Illinois Bar No. 6291515
(To be admitted pro hac vice)


Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, Illinois 60137-4281
Phone: (630) 858-5071
Fax: (630) 282-7123
Email: mazza@mazzallc.com


**ATTORNEYS FOR PLAINTIFF MARSHALL PATENT HOLDINGS, LLC**